UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:                                )    CHAPTER 13
                                      )
VINCENT BONNER                        )    CASE NO. 15-83123
                                      )
          Debtor(s).                  )

**TRUSTEE'S OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN FILED 1/1/2016**

NOW COMES Lydia S. Meyer, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the Northern District of Illinois, Western Division, and as for her Objection to Confirmation states as follows:

1. The debtor(s) filed for Chapter 13 relief on 12/17/15     .
2. The 341 (a) Meeting of Creditors held on 1/12/2016.
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to _____.
3. The plan filed 1/1/2016 by the Debtor(s) fails to meet confirmation requirements.
4. The trustee objects to confirmation of the Chapter 13 Plan for the following reasons:
   - ☐ The debtor(s) failed to appear [11 USC 341(a)].
   - ☐ The debtor(s) failed to commence Chapter 13 Plan payments [11 USC 1326(a)(1)].
   - ☐ The Chapter 13 Plan unfairly discriminates against class of general unsecured claims [11 USC 1322(b)(1)].
   - ☐ The post-petition payments to secured creditors are delinquent.
   - ☐ The proposed Chapter 13 Plan is not feasible as the debtor(s) lacks sufficient regular income [11 USC 109(e)] _____
     _____
   - ☐ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
   - ☐ The debtor(s) is/are not eligible for Chapter 13 [11 USC 109(e)(g)].
   - ☐ The proposed Chapter 13 Plan will not complete within 60 months [11 USC 1325(a)(4)].
   - ☐ The trustee objects to the exemption(s) claimed [B.R. 4003(b)]
   - ☐ The Debtors/Husband/Wife are not entitled to a discharge.
   - ☐ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)]
   - ☐ Non-exempt equity $_____ Plan only paying $_____
     - ☐ Must be 100%
     - ☐ Must be 100% with interest
     - ☐ Fair market value of real estate higher per tax assessment than listed on schedule A.
   - ☐ Other _____

☐ Proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.
  ☐ Income higher for debtor/wife/husband per _____
  ☐ Unreasonable expenses _____
     _____
  ☐ Proof of following expenses required _____
     _____
     _____
  ☐ 401k loan deduction  $_____ - Plan payment should increase when 401k loan is paid.
  ☐ Tax Refunds above $2,000 should be paid into plan in addition to plan payments.
  ☐ Other _____
     _____
     _____
  ☐ Below Median Debtor
     ☐ Excess per I/J =   $_____
        Plan payments only  $_____
     ☐ Other _____
        _____
  ☐ Above Median Debtor
     ☐ Plan proposed is not 60 months.
     ☐ Plan payment is insufficient – Debtor's actual monthly income minus IRS allowances requires plan payment of $_____;
        Plan proposes payment of $_____
     ☐ Following expenses are inconsistent between schedules I/J and form B22C _____
        _____
     ☐ Following lines are incorrect on B22C: _____
        _____
     ☐ Amended B22C Required.
     ☐ Other _____
        _____
        _____
  ☐ Cannot be determined if above or below median income or if disposable income requirement met in above median case
     ☐ Need proof of income for prior 6 months
     ☐ Number in household in question
     ☐ Amended B22C required _____
        _____
  ☐ The debtor(s) has/have failed to file Chapter 13 Plan in good faith
     _____
     _____
     _____

☐ Plan fails to provide for following secured creditors _____
   _____
   _____

- ☐ Plan fails to provide for full payment of claims entitled to priority as required by Section 507(a)(1)(B).
- ☐ Plan fails to provide for fixed monthly installments for all secured creditors in paragraph E3 [11 USC 1325 (a)5].
- ☐ Following claims will not be paid off within plan term at fixed monthly payment amount. _____
  _____
- ☐ Plan payment is insufficient to cover all fixed payments to creditors and Trustee's fees.
- ☒ The plan proposes to pay certain creditors as secured. The documents indicated below are needed for the following creditors:

  TITLE MAX TITLE LOANS     ☒ Timely filed Proof of Claim
  (Creditor)                ☒ Security Documents

  _____  ☐ Timely filed Proof of Claim
  (Creditor)                ☐ Security Documents

  _____  ☐ Timely filed Proof of Claim
  (Creditor)                ☐ Security Documents

- ☐ Paragraph D3 of Plan – Trustee objects to early payoff at less than 100%.
- ☐ Attorney's Fees Issues – Listed here for informational purposes only – these issues will not bar confirmation:
  - ☐ No fee application filed
  - ☐ Fee Application not noticed
  - ☐ Fee application and order are inconsistent
  - ☐ Other _____
    _____

- ☐ Other: _____
  _____
- ☐ Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)1v:
  - ☐ Proof that the debtor(s) filed the last 4 years of tax returns – 11 USC§1307(e) states that the Court shall dismiss or convert a case to Chapter 7 upon the debtor's failure to file no later than the day before the date of the original creditors meeting all tax returns for all taxable periods ending during the 4 year period ending on the date of the filing of the petition.
  - ☐ Copy of Federal income tax return for _____. Pursuant to 11 USC§521(e)2(B), if the debtor fails to provide the most recent tax return 7 days before original first meeting of creditors, the Court shall dismiss the case unless the debtor shows that the failure to comply is "due to circumstances beyond the control of the debtor."
  - ☐ Paycheck stubs – Pursuant to 11 USC 521, debtor's failure to file copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition by the debtor from any Employer shall result in the automatic dismissal of the case on the 46th day after the date of the filing of the petition.
  - ☐ The debtor(s) has/have failed to cooperate with the trustee [11 USC 521 (3)] as the following document(s) was/were not provided:
    - ☐ Acceptable certificate that debtor has completed the requisite debtor briefing [11 USC 109(h)1]

- ☐ Tax return for _____
- ☐ W-2 for _____
- ☐ Amended schedule E listing name and address of the holder of any domestic support obligation.
- ☐ Amended statistical summary must be filed.
- ☒ Certification that the debtor has paid all amounts required to be paid under a domestic support obligation [11 USC 1325(a)8] or that the debtor(s) have no domestic support obligations
- ☐ Paycheck stubs
- ☐ Proof of Income from _____
- ☐ Profit and Loss statements
- ☐ Business Questionnaire and all attachments
- ☐ Proof of Social Security number
- ☐ Other _____

WHEREFORE, the Trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons and requests that this case be dismissed.

/s/Lydia S. Meyer
LYDIA S. MEYER

## NOTICE OF FILING AND PROOF OF SERVICE

Please take notice that on 1/14/16 this Objection to Confirmation was filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Western Division: a copy of which is hereby served upon attorney of record and the debtor(s).

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF WINNEBAGO   )

I, the undersigned being first duly sworn on oath, depose and state that I served a copy of this **OBJECTION TO CONFIRMATION** upon attorney of record for the debtor via electronic notification that occurs automatically upon the filing of said Objection to Confirmation. I further swear that I served a copy upon the Debtor(s) to their current address on file with the Trustee's office by mailing a true and correct copy in a properly addressed envelope, postage pre-paid at Rockford, IL at or about the hour of 5:00 p.m. on 1/14/16.

/s/Cynthia K. Burnard

LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL 61105-4127
Telephone: 815/968-5354
Fax: 815/968-5368

5/28/15